UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SATICOY BAY LLC SERIES 6231 BRICK OVEN ST,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. CSFB MORTGAGEBACKED PASS-THROUGH CERTIFICATES, SERIES 2004-AR7, a national association; and DOE individuals I through XX; and ROE CORPORATIONS I through XX,<br><br>Defendants. | Case No. 2:21-CV-02214-JCM-EJY<br><br>**ORDER** |

Before the Court is Defendant U.S. Bank's ("Defendant") Emergency Motion to Vacate Order Granting Motion for Temporary Restraining Order and Preliminary Injunction to Enjoin Foreclosure Sale to Be Held on December 16, 2021 (ECF No. 4).

**I.  Discussion**

As Defendant undoubtedly knows, "the filing of emergency motions is disfavored and is properly confined to only the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1141 (D. Nev. 2015). In fact, when a motion seeking emergency relief is filed, "[t]he court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency. Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion." Local Rule 7-4(c). "Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect." *Cardoza*, 141 F.Supp.3d at 1142.

Defendant asks the Court to vacate a state court Temporary Restraining Order ("TRO") and Preliminary Injunction enjoining Defendant from foreclosing on a property to which Plaintiff Saticoy Bay claims title. ECF No. 4 at 2. Defendant's planned foreclosure sale was to take place on December 16, 2021, but Defendant postponed the sale to January 18, 2022 in light of the state court's December 2, 2021 Order. *Id.* at 4-5, 12. The state court order in question enjoined Defendant from foreclosing on the property "until otherwise ordered by the Court." ECF No. 1-4.

This Court finds Defendant fails to state an emergency meriting review of its pending Motion on an expedited basis. Contrary to Local Rule 7-4 and interpreting case law, Defendant does not articulate why emergency review is necessary. Defendant does not identify what irreparable harm will occur if the TRO and Preliminary Injunction are allowed to stand while the Motion to Vacate is considered by the federal court. While defense counsel's Declaration argues that emergency review is required so that Defendant knows whether the injunction is vacated before the foreclosure sale on January 18, 2022 (ECF No. 5), the understandable desire for this information does not establish an emergency. Defendant offers nothing supporting why a delay in the foreclosure while its Motions to Vacate is considered and decided will cause irreparable harm. Said differently, Defendant does not explain the need to hold a foreclosure on January 18th as opposed to on a later date. As such, the Court finds no reason why Defendant cannot litigate its challenge to the TRO and Preliminary Injunction according to the standard timeline.

According to 28 U.S.C. § 1450, when an action is removed from state to federal court "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Case law holds that this language authorizes federal courts in removal actions to "dissolve or modify state court orders entered prior to removal." *Maxum Cas. Ins. Co. v. Taylor*, Case No. 2:18-cv-1866-JCM (CWH), 2019 WL 6684506, at *3 (D. Nev. Dec. 6, 2019); *see also North v. Bank of Am. Corp.*, Case No. 2:11-cv-00136-RLH, 2011 WL 346070, at *1 (D. Nev. Feb. 2, 2011) ("The district court then has the same power to modify or dissolve the order as the state court would have had the case not been removed."). Therefore, this Court may dissolve the state court injunction "if, after review, the Court determines that a TRO is not warranted." *North*, 2011 WL 346070 at *1; *Qualitybuilt.com v.*

*Coast to Coast Eng'r Serv., Inc.*, Case No. 07-cv-627 WGH (AJB), 2007 WL 1159968 (S.D. Cal. April 18, 2007) (dissolving a TRO after removal because the plaintiff did not meet the requirements for a TRO).

In assessing the validity of a pre-removal TRO, District Courts look to whether the Order satisfies the requirements of Rule 65. *North*, 2011 WL 346070, at **1-2. Rule 65(b) requires a party seeking a TRO to establish "(1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest." *Id.*, citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Rule 65(a) requires the party opposing the TRO and/or preliminary injunction to be afforded meaningful notice and opportunity to be heard. Fed. R. Civ. P. 65(a). This requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 433 (1974).

Although the Court finds insufficient grounds to grant Defendant's request to hear its Motion to Vacate on an emergency basis, the circumstances surrounding issuance of the TRO and Preliminary Injunction are troubling and deserve prompt review. The allegations in Defendant's Motion seek to demonstrate that Defendant did not have a fair opportunity to oppose the TRO and Preliminary Injunction at the time Plaintiff filed its request for injunctive relief or when that request was considered by the court. Thus, a shortened briefing and hearing schedule is provided below. The parties must note that the sole issue to be decided is whether the state court's order should be vacated in light of the alleged defective process that calls into question the fundamental fairness of that proceeding. The Court is not deciding, at this time, whether injunctive relief is proper.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's request for emergency relief is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file its response to Defendant's Motion to Vacate by 12:00 p.m. on January 12, 2022. The response must not exceed ten (10) pages and must only address the proceedings leading to and entry of the order granting a temporary restraining order

and preliminary injunction. The underlying issues regarding whether injunctive relief is appropriate is not to be decided, at this time, by the Court.

IT IS FURTHER ORDERED that Defendant shall file its reply in support of its Motion to Vacate, which shall not exceed ten (10) pages, again addressing only the proceedings leading to and entry of the order granting a temporary restraining order and preliminary injunction.

IT IS FURTHER ORDERED that Defendant's Motion to Vacate shall be heard at 2:00 p.m., January 21, 2022, in Courtroom 3C. The parties shall appear in person unless otherwise ordered by the Court.

Dated this 5th of January, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE