UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SATICOY BAY LLC SERIES 6213 BRICK OVEN ST,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:21-CV-2214 JCM (EJY)<br><br>ORDER |

Presently before the court is plaintiff Saticoy Bay, LLC, Series 6231 Brick Oven St.'s ("Saticoy") motion for preliminary injunction. (ECF No. 21). Defendant U.S. Bank National Association ("U.S. Bank") filed a response in opposition (ECF No. 22), to which Saticoy replied (ECF No. 24).

Also before the court is U.S. Bank's request for judicial notice (ECF No. 23) and for leave to file supplemental authority (ECF No. 25).[1]

I.　**Background**

This matter arises from an impending foreclosure sale of real property located at 6231 Brick Oven St., North Las Vegas, NV 89131 (the "property"). U.S. Bank obtained the property's underlying deed of trust through an assignment in November of 2011. (ECF No. 1-1 at 4). On September 7, 2012, third-party Daisy Trust purchased the property at a homeowners' association ("HOA") foreclosure sale for $4,100.00. (*Id.* at 5). In August of 2014, Daisy Trust transferred its interest in the property to Saticoy through a grant bargain sale deed. (*Id.*).

---

[1] Though styled as a notice, parties must move to submit supplemental authority. LR 7-2(g). Nevertheless, the court GRANTS both the request (ECF No. 23) and motion (ECF No. 25).

**James C. Mahan**
**U.S. District Judge**

In February of 2013, U.S. Bank filed suit against Daisy Trust concerning the property in Nevada state court. In 2018, U.S. Bank amended its complaint to include Saticoy as a defendant. In February of 2019, the state court granted summary judgment in favor of U.S. Bank, finding that the Daisy Trust signed a sub-priority notice at the HOA sale and that its interest—now transferred to Saticoy—is subject to U.S. Bank's deed of trust.

On March 16, 2020, U.S. Bank recorded a notice of breach and default and of election to cause sale of the property under deed of trust, and on August 18, 2021, U.S. Bank recorded a second notice and election. On November 19, 2021, U.S. bank recorded a notice of trustee's sale related to the deed of trust. Then, on December 1, 2021, Saticoy filed suit against U.S. Bank in Nevada state court to prevent the foreclosure sale and to quiet title under Nevada's ancient lien statute, Nevada Revised Statute ("NRS") 106.240.

In state court, Saticoy moved for and gained an *ex parte* temporary restraining order ("TRO") enjoining U.S. bank from foreclosing on the property. Then, on December 17, 2021, U.S. bank removed this matter to this court. Two weeks later, U.S. Bank moved to vacate the state court's TRO, which the Honorable Magistrate Judge Elayna Youchah granted on January 21, 2022. (ECF Nos. 4; 16).

Saticoy now seeks a preliminary injunction enjoining U.S. Bank from foreclosing on the property during the pendency of this case. (ECF No. 21).

**II.     Legal Standard**

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of

hardships weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135.

### III. Discussion

Having considered the *Winter* factors, the court DENIES Saticoy's motion for a preliminary injunction (ECF No. 21); primarily because the balance of hardships is not clearly in Saticoy's favor.

Saticoy does not make any arguments as to how the balance of hardships is in its favor. Instead, it argues that U.S. Bank is unable to show that the balance of equities is in its favor. (*See* ECF No. 21 at 9–10). Saticoy indirectly argues that the balance tips in its favor because U.S. Bank "created the issue which the parties now ask this [c]ourt to address," but that argument is unavailing if not plainly false considering the prior litigation over this property.

As Saticoy is aware, in 2019, in another matter concerning the property, the Nevada state district court held that Saticoy's predecessor in interest purchased the property subject to the underlying deed of trust. (*See* ECF No. 23-3). Yet, despite the Nevada district court's holding over three years ago that the deed of trust is valid, Saticoy apparently opted not to make payments pursuant to the deed of trust. That U.S. Bank has now initiated foreclosure proceedings due to Saticoy's failure to make payments does not mean that U.S. Bank created the issue that Saticoy asks this court to address.

At bottom, Saticoy stands to lose revenue from an investment that it has refused to pay for despite the state court's judgment. Meanwhile, if the court grants injunctive relief, U.S. Bank risks suffering further losses on the debt obligation that it is owed under the deed of trust. These hardships are very similar; thus, the balance of hardships does not tip in favor of Saticoy.

Therefore, even assuming that Saticoy demonstrates "serious questions going to the merits,"[2] and irreparable harm,[3] it is not entitled to injunctive relief under the traditional or sliding scale approach.[4] *See Cottrell*, 632 F.3d at 1131.

---

[2] Having considered the merits, the court does not hold that Saticoy is likely to prevail on any of its claims. While Saticoy argues that a letter sent by U.S. Bank to Saticoy's predecessor in interest serves as proof that the loan was accelerated, Nevada courts and the Ninth Circuit have ruled that an unrecorded acceleration notice cannot trigger the ten-year deadline under NRS 106.240. *See Rizvi v. U.S. Bank Nat. Ass'n*, Case No. A-20-810852-C, 2020 WL 12787989, at

**James C. Mahan**
**U.S. District Judge**

IV.     **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Saticoy's motion for a preliminary injunction (ECF No. 21) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that U.S Bank's request for judicial notice (ECF No. 23) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that U.S Bank's motion for leave to file a supplemental authority (ECF No. 25) be, and the same hereby is, GRANTED.

DATED April 25, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

*2 (Nev. Dist. Ct. Sept. 25, 2020) ("No other document besides the deed of trust or a written and recorded extension is mentioned within the statute as something that can establish the 'wholly due' date."); *Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, Case No. 21-15595, 2022 WL 874634, at *2 (9th Cir. Mar. 24, 2022) ("[W]hether [lender] issued an unrecorded acceleration notice in 2009 is legally irrelevant. Such a notice could not have rendered its debt 'wholly due.' ").

[3] Real property generally does constitute irreparable harm.

[4] Even assuming it satisfied the other factors, Saticoy's public policy arguments are also unavailing. That Saticoy will continue pursuing litigation over the property does not mean that the public interest favors allowing Saticoy to keep that interest despite failing to make payments under the deed of trust.

**James C. Mahan**
**U.S. District Judge**