UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SATICOY BAY LLC SERIES 6213 BRICK OVEN ST,<br><br>Plaintiff(s),<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant(s). | Case No. 2:21-CV-2214 JCM (EJY)<br><br>ORDER |

Presently before the court is plaintiff Saticoy Bay LLC Series 6231 Brick Over St.'s motion for summary judgment. (ECF No. 31). Defendant US Bank National Association filed a response (ECF No. 39), to which plaintiff replied (ECF No. 44).

Also before the court is defendant's motion for summary judgment. (ECF No. 32). Plaintiff filed a response (ECF No. 40), to which defendant replied (ECF No. 43).

**I.     Background**

This matter arises from a disputed foreclosure sale of real property located at 6231 Brick Oven St., North Las Vegas, NV 89131 (the "property"). Defendant obtained the property's underlying deed of trust through an assignment in November of 2011. (ECF No. 21). On September 7, 2012, third-party Daisy Trust purchased the property at a homeowners' association ("HOA") foreclosure sale for $4,100.00. (*Id.*) In August of 2014, Daisy Trust transferred its interest in the property to plaintiff through a grant bargain sale deed. (*Id.*).

In February of 2013, defendant filed suit against Daisy Trust concerning the property in Nevada state court. In 2018, defendant amended its complaint to include plaintiff as a defendant in that case. In February of 2019, the state court granted summary judgment in favor of

**James C. Mahan**
**U.S. District Judge**

defendant, finding that the Daisy Trust signed a sub-priority notice at the HOA sale and that its interest—now transferred to plaintiff—is subject to defendant's deed of trust.

On March 16, 2020, defendant recorded a notice of breach and default and of election to cause sale of the property under deed of trust, and on August 18, 2021, defendant recorded a second notice and election. On November 19, 2021, defendant recorded a notice of trustee's sale related to the deed of trust.

Then, on December 1, 2021, plaintiff filed suit against defendant in Nevada state court to prevent the foreclosure sale and to quiet title under Nevada's ancient lien statute, Nevada Revised Statute ("NRS") 106.240. (ECF No. 1-1). It alleges that the deed of trust was accelerated no later than October 19, 2010, and presumed satisfied no later than October 19, 2020. (*Id.*) Thus, according to plaintiff, defendant has no claim to the property and cannot foreclose.

This court previously denied plaintiff's motion for a preliminary injunction, finding that the hardships did not clearly weigh in plaintiff's favor. (ECF No. 28). The parties then filed these cross motions for summary judgment. (ECF Nos. 31; 32).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come

**James C. Mahan**
**U.S. District Judge**

- 2 -

forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

**James C. Mahan**
**U.S. District Judge**

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**III.   Discussion**

The parties do not meaningfully dispute any facts in this case. The only dispute is whether the debt secured by the deed of trust was accelerated by a 2010 letter to the former homeowner, a question of law. It was not. Therefore, plaintiff's motion must be denied, defendant's must be granted, and judgment will be entered for defendant.

Plaintiff's argument is premised on the fact that defendant included a letter in its original complaint in the separate state action nearly a decade ago that, according to plaintiff, accelerated the debt. *See* (ECF No. 31). Essentially, plaintiff attempts to short-circuit the doctrine of collateral estoppel and prevent defendant from asserting a position that was never actually litigated in state court. This position is flawed for several reasons.

First, the complaint that plaintiff refers to was superseded by an amended pleading in that litigation. "It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997)). The original complaint was rendered a legal nullity as soon as the first amended complaint was filed. Thus, to the extent defendant admitted anything in that original complaint, those "admissions" were superseded by the first amended complaint.

Further, "[t]he scope of judicial admissions is restricted to matters of fact which otherwise would require evidentiary proof, and does not include counsel's statement of his conception of the legal theory of a case." *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341

James C. Mahan
U.S. District Judge

- 4 -

(6th Cir. 1997). Determining whether an acceleration occurred is a legal issue, not a factual one. Therefore, even if this letter purported to accelerate the loan, it could not serve as a judicial admission. *See CSC Consulting, Inc. v. Tosco Ref. Co.*, 19 F. App'x 698, 701 (9th Cir. 2001).

However, even assuming this letter serves as the binding admission that plaintiff claims it does, the Ninth Circuit has squarely foreclosed plaintiff's argument that the letter could accelerate the debt in the first place. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n,* No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022). "[A]cceleration cannot occur until the conclusion of the 35-day period allotted for the borrower to cure the deficiency—and [] this period does not begin to run until the notice of default has been recorded." *Id* at *2. Here, there was no notice of default recorded until 2020, meaning the debt would not be extinguished under the ancient lien statute until 2030, if at all considering defendant rescinded that notice of default. (ECF No. 43 at 7).

Thus, summary judgement for defendant is appropriate. The deed of trust was never extinguished and plaintiff's rights to the property are not superior to defendant's. Since defendant held a valid interest under the deed of trust, plaintiff's attendant claims for slander of title, fraud, equitable rescission of the deed of trust, and unjust enrichment also fail. Each of those claims relies on the theory that the deed of trust was extinguished under the ancient lien statute. As determined above, it was not.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 31) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 32) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED November 17, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**